```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

MARCELINO GARCIA CASTILLO,        )
                                  )
            Petitioner,           )
                                  )
       v.                         )      1:15CV32
                                  )
BRAD PERRITT, Superintendent,     )
Lumberton Correctional            )
Institute,                        )
                                  )
            Respondent.           )

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

Before the court is Respondent's motion to dismiss Marcelino Garcia Castillo's *pro se* petition for a writ of habeas corpus. (Doc. 9.) Castillo challenges his State custody under 28 U.S.C. § 2254, primarily alleging defective indictment, ineffective assistance of counsel, and illegal search and seizure. (Doc. 2.) For the reasons set forth below, the petition will be dismissed.

I.   BACKGROUND

On April 26, 2011, Castillo pleaded guilty to trafficking and conspiracy to traffic 400 grams or more of cocaine. (Doc. 10-2.) The Superior Court of Guilford County sentenced Castillo to 175-219 months of imprisonment. (Doc. 10-3 at 2–3.) Castillo did not appeal his conviction. (Doc. 2 at 2–3.)

On July 29, 2014, Castillo signed a *pro se* Motion for Appropriate Relief ("MAR") in the Superior Court of Guilford

County. (Doc. 10-5.) In his MAR, Castillo claimed that the State lacked sufficient evidence to support his conviction, that his indictment failed to allege an element of his trafficking offense and lacked a statutory citation, and that he was entitled to the mandatory minimum sentence. (See id. at 6-14.) On August 19, 2014, Castillo signed an amended *pro se* MAR alleging that his trial counsel failed to preserve his right to appeal upon the entry of the guilty plea. (See Doc. 10-6 at 12.) The Superior Court denied Castillo's motions. (Doc. 10-8.) Castillo filed a *pro se* petition for certiorari with the North Carolina Court of Appeals, which was denied on October 15, 2014. (Doc. 2 at 42.) Castillo then filed a *pro se* petition for certiorari with the North Carolina Supreme Court, which was denied on December 18, 2014. (Id. at 22.)

On January 12, 2015, Castillo filed a petition for a writ of habeas corpus with this court. (Id. at 1.) Castillo seeks a reduced sentence, a new sentencing hearing, or to have his convictions vacated, and he claims four grounds for relief. (Id. at 5-10, 15.) First, he claims that his indictment failed to allege an essential element of an offense for which he was convicted, specifically that he "knowingly" trafficked cocaine, and thus the State court did not have jurisdiction in his case. (Id. at 5.) Second, Castillo claims that the State court lacked jurisdiction because his indictment did not include a necessary statutory citation. (Id. at 7.) Third, he claims that his

2

sentence exceeds the range to which he agreed in a plea bargain and promised to him by trial counsel. (Id. at 8.) Finally, Castillo claims that he was arrested after an illegal search in violation of the Fourth Amendment. (Id. at 10.)

Respondent moves to dismiss the petition as untimely. (Docs. 9, 10.) In a reply brief, Castillo raises an additional ground for relief. Specifically, he alleges that his trial counsel failed to follow his instruction (through an interpreter) to pursue a direct appeal of his conviction. (Doc. 12 at 6-7.)

**II. ANALYSIS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, 110 Stat. 1214, prescribes a one-year limitations period for habeas petitions. 28 U.S.C. § 2244(d)(1). The one-year clock begins to run at the latest of four possible dates, two of which are pertinent here:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
>
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The one-year clock is tolled during the time State post-conviction proceedings are pending in any State court and may be equitably tolled in "rare instances." Harris v. Hutchinson, 209 F.3d 325, 328-30 (4th Cir. 2000). However, once the limitations

3

period has expired, later-filed State post-conviction petitions cannot revive it. See id. at 327-28 (post-conviction proceedings may suspend, but do not reset, the statute of limitations); Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) (post-conviction proceedings do not "reset or restart the statute of limitations once the limitations period has expired").

Here, the statute of limitations bars Castillo's claims. Judgment was entered against Castillo on April 26, 2011. (Doc. 10-3.) Because Castillo did not appeal that judgment, his conviction became final on or around May 10, 2011, fourteen days after the entry of judgment. See N.C. R. App. P. 4(a)(2). Castillo did not file the present petition until January 12, 2015, more than three and a half years after the limitations period began to run under § 2244(d)(1)(A).

To the extent that Castillo claims to have recently discovered the bases for his claims, (see Doc. 2 at 13 ("The evidence was newly discovered on October 23, 2014 and November 20, 2014.")), § 2244(d)(1)(D) does not warrant a later limitations period in this case. Castillo claims that he received a longer sentence than that to which he agreed in a plea bargain, that his arrest was the result of an illegal search, and that his indictment was defective. (Doc. 2.) But Castillo knew or should have known the length of his sentence no later than the date of his sentencing hearing. Similarly, Castillo knew or should have known about his

4

arresting officers' conduct and the contents of his indictment no later than the date of his plea. See Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003) (limitations period not extended under when petitioner could have learned information available from "public sources"). As a result, § 2244(d)(1)(D) does not extend the limitations period for any of Castillo's claims.[1]

Castillo contends that his claim should proceed under the actual innocence exception to the limitations period. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). In order to satisfy the actual innocence exception, however, a petitioner must "support his allegations of constitutional error with new reliable evidence." Schlup v. Delo, 513 U.S. 298, 324 (1995). Although Castillo summarily alleges that evidence was "newly discovered on October 23, 2014, and November 20, 2014," he fails to identify or describe this evidence. (Doc. 2 at 13; see also Doc. 12 at 6 (claiming, without elaboration, that "newly discovered evidence . . . was withheld by the state and prosecutor").) In the absence of any specific information about this alleged new evidence,

---

[1] In his reply brief, Castillo also claims that his trial counsel failed to follow instructions to perfect an appeal. (Doc. 12 at 6-7.) A petitioner cannot allege new grounds for relief for the first time in his reply brief. See Tyndall v. Maynor, 288 F.R.D. 103, 108 (M.D.N.C. 2013). Even if this claim had been properly raised, however, it would also be time-barred because the statute of limitations began to run when Castillo knew or should have known that his attorney failed to appeal, i.e., shortly after the fourteen-day period for appeals expired.

5

Castillo cannot invoke the actual innocence exception. See Schlup, 513 U.S. at 324.

Castillo also contends that the limitations period should be equitably tolled because he speaks no English, lacked access to an interpreter after his conviction, was not informed of the time limits for his direct appeal or habeas claims, and is generally ignorant of the law. (Doc. 2 at 13–14.) Even if true, these allegations do not warrant equitable tolling. Equitable tolling is only appropriate in "rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. District courts in this Circuit have consistently held that neither a prisoner's ignorance of the law nor his inability to speak English is sufficient to warrant equitable tolling. See, e.g., Osnarque v. Thomas, No 3:08CV76-1-MU, 2009 WL 650551, at *1 (W.D.N.C. Mar. 11, 2009) (holding that a petitioner cannot invoke equitable tolling simply because "he is layman of the law and he does not speak English well"); see also Aviles-Negron v. Massey, No. 1:11-CV904, 2013 WL 1314602, at *3–4 (M.D.N.C. Mar. 28, 2013) (collecting cases). "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

6

Finally, Castillo appears to argue that challenges to a convicting court's jurisdiction may be raised at any time. (See Doc. 12 at 1-2.) In support of this assertion, Castillo cites United States v. Gatewood, 173 F.3d 983, 986 (6th Cir. 1999), United States v. Vreeken, 803 F.2d 1085, 1088 (10th Cir. 1986), United States v. Rosa-Ortiz, 348 F.3d 33, 36 (1st Cir. 2003), United States v. Browne, 505 F.3d 1229, 1271 n.31 (11th Cir. 2007), and Fed. R. Crim. P. 12(b)(3)(B). (Doc. 12 at 1-2.) These authorities provide that a defendant may challenge a federal court's subject matter jurisdiction on direct appeal. See Gatewood, 173 F.3d at 986; Vreeken, 803 F.2d at 1088; Rosa-Ortiz, 348 F.3d at 36; Browne, 505 F.3d at 1271 n.31; Fed. R. Crim. P. 12(b)(3)(B). None of these authorities, however, creates an exception to the statute of limitations for federal habeas claims.

To the extent that Petitioner claims his conviction violated State law, such claims are not cognizable on federal habeas review. See Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998) (holding that a prisoner's claim that a State trial court lacked jurisdiction over counts in his indictment is not cognizable on habeas review). Prisoners may, of course, raise federal due process claims based on a State court's lack of jurisdiction. See Danforth v. Minnesota, 552 U.S. 264, 271-73 (2008). But such federal due process claims remain subject to the federal statute of limitations. Mize v. Warden, No. 7:11-cv-00284, 2011 WL

7

4102289, at *1 (W.D. Va. Sept. 14, 2011); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

In sum, Castillo's claims are time-barred under 28 U.S.C. § 2244(d)(1). Castillo filed his petition more than three years after his conviction became final, and he has not cited any statutory or equitable authority to warrant an extended limitations period.

### III. CONCLUSION

For the reasons stated, Castillo's claims are time-barred under 28 U.S.C. § 2244(d)(1).

IT IS THEREFORE ORDERED that Respondent's motion to dismiss (Doc. 9) be GRANTED and that the Petition (Doc. 2) be DISMISSED WITH PREJUDICE. A judgment dismissing this action will be entered contemporaneously with this Memorandum Order. Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is not issued.

                                              /s/   Thomas D. Schroeder
                                            United States District Judge

October 30, 2015